UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL DUNN, JR, CDCR #BA-7000,<br><br>                              Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>                              Defendant. | Case No.: 3:25-cv-0620-JLS-VET<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>(ECF Nos. 1, 4) |

## I.     INTRODUCTION

On March 13, 2025, Plaintiff Emanuel Dunn, Jr. ("Plaintiff"), a state inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. On May 15, 2025, the Court denied Plaintiff's IFP motion because it lacked the required support and dismissed the action without prejudice, allowing his case to be reopened by either paying the filing fee or filing a properly supported IFP motion. ECF No. 3. On June 16, 2025, Plaintiff filed a renewed IFP motion ("Mot.," ECF No. 4). For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the complaint without prejudice.

## II. IFP MOTION

As discussed in this Court's previous order, parties instituting any civil action, suit or proceeding in a district court of the United States must generally pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at filing only if the court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his renewed IFP Motion, Plaintiff has provided a certified copy of his prison trust account statement. *See* ECF No. 4 at 5–6. During the six months prior to filing

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

suit, Plaintiff had an average monthly balance of $27.71 and average monthly deposits of $20.83. *See* ECF No. 4 at 6. His current available account balance is $0.00. *Id*. Accordingly, the Court **GRANTS** Plaintiff's IFP motion. Because Plaintiff has no funds on account, the Court assesses no initial partial filing fee, and directs the agency having custody of Plaintiff, to collect and forward to the Clerk of Court the $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

#### A.   Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

#### B.   Plaintiff's Allegations

The allegations in Plaintiff's complaint are sparse. Plaintiff states that in 2016, he was convicted of second-degree murder in San Diego County Superior Court and sentenced to 35 years-to-life in prison. ECF No. 1 at 3. On July 8, 2024, he filed a "motion for DNA testing" pursuant to California Penal Code section 1405 in the San Diego County Superior

1  Court. *Id.* Having not received a response from the superior court, Plaintiff sent a letter to
2  Superior Court Judge O'Neil on September 20, 2024, "asking for a status update" on the
3  motion. *Id.* Again, Plaintiff did not receive a response. *Id.*

4  On October 8, 2024, Plaintiff filed a petition for writ of mandate with the California
5  Court of Appeal in which he asked the appellate court to order the superior court to grant
6  his request for DNA testing. *Id.* The appellate court denied the writ on November 15,
7  2024, "without giving [a] reason." *Id.*

**C.  Discussion**

In his sole claim, Plaintiff alleges the San Diego County Superior Court violated his
due process rights when it failed to grant his request for DNA testing. *Id.* Specifically, he
states he is "entitled to DNA testing" under California law. *Id.* He seeks an order from
this Court "grant[ing] DNA testing under [California] Penal Code § 1405." *Id.* at 7.

First, the Supreme Court has held there is no free-standing federal constitutional
right to obtain post-conviction access to the state's evidence for DNA testing. *District
Attorney's Office for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 72 (2009) (rejecting
prisoner's attempt to seek post-conviction DNA testing that might prove his innocence).

Moreover, under the *Rooker–Feldman* doctrine, federal district courts are without
jurisdiction to hear direct appeals from the judgments of state courts. *Noel v. Hall*, 341
F.3d 1148, 1155 (9th Cir. 2003). And here, because Plaintiff is seeking review of "the
particular outcome" of state court proceedings, specifically the denial of his motion for
DNA testing under California Penal Code § 1405, this Court is without subject matter
jurisdiction to review his claim. *See Cooper v. Ramos*, 704 F.3d 772, 70–81 (9th Cir. 2012)
(citing *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)) ("[A] state-court decision is not
reviewable by lower federal courts, but a statute or rule governing the decision may be
challenged in a federal action."); *see also Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257,
1264 (11th Cir. 2012) (holding *Rooker-Feldman* barred claim that state courts violated due
process by misapplying state DNA access procedures).

Finally, while the Supreme Court has held that the *Rooker-Feldman* doctrine does

not bar a claim challenging the constitutionality of a state's statute regarding DNA testing,[2] *Skinner*, 562 U.S. at 532, Plaintiff makes no such challenge to California Penal Code § 1405. And the Complaint contains no allegations suggesting that the procedure set forth under § 1405 is "fundamentally inadequate to vindicate the substantive rights provided." *See Morrison v. Peterson*, 809 F.3d 1059, 1064–65 (9th Cir. 2015). Indeed, Plaintiff's allegations suggest he takes issue only with the state court's application of § 1405, not the statute itself. *See* ECF No. 1 at 3. Therefore, Plaintiff has not stated a due process claim. *See Gallegos v. Licalsi*, 2017 WL 931828, at *5 (E.D. Cal. 2017) (concluding plaintiff's claim fell outside of the parameters of *Skinner* where he was clearly was not challenging the constitutionality or adequacy of California Penal Code § 1405).

For the above reasons, the Court finds Plaintiff has failed to state a claim and as such, the Complaint is **DISMISSED**. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

### D.  Amendment Would Be Futile

The Court would ordinarily grant Plaintiff leave to amend, given his pro se status. However, because it is evident his claim is barred under the *Rooker-Feldman* doctrine, the Court declines to grant leave to amend here because it would be futile. *See United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend."); *Cooper*, 704 F.3d at 785 (concluding district court did not err in declining to grant plaintiff leave to amend as futile because plaintiff's only challenge regarding DNA testing and California Penal Code § 1405 was "the fact-specific application of the statute to his own case").

---

[2] A person claiming a procedural due process violation with regard to post-conviction DNA testing must show: (1) he has a protected liberty interest created by the laws of his state "to prove his innocence even after a fair trial has proved otherwise" and (2) the state's procedure for obtaining DNA evidence is constitutionally inadequate because it "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" *Osborne*, 557 U.S. at 67, 69 (quoting *Medina v. California*, 505 U.S. 437, 446, 448 (1992)).

## IV.   CONCLUSION AND ORDER

Accordingly, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4)

2.   **DIRECTS** the Watch Commander at the George Bailey Detention Facility, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, George Bailey Detention Facility, 446 Alta Rd. Ste. 5300, San Diego, California, 92158.

4.    **DISMISSES** this civil action in its entirety for failure to state a claim upon pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) **WITHOUT LEAVE TO AMEND**.

5.   **DIRECTS** the Clerk of the Court to enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  September 19, 2025

Hon. Janis L. Sammartino
United States District Judge